# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

## CASE NO. 13-24214-CIV-MARTINEZ/GOODMAN

GLORIA ELISA DONAIRE PICADO, et al.,

      Plaintiffs,

vs.

LAFISE CORP., et al.,

      Defendants.

_____/

## ORDER AND REPORT AND RECOMMENDATIONS

This matter is before the Undersigned on the District Court's referral of Plaintiff

Ronaldo Heislado Baca's ("Baca") Motion for Attorney's Fees and Costs and the parties'

agreed motion to deem Baca's fees and costs motion timely filed. [ECF Nos. 35; 38; 54].

Baca requests $7,125.00[1] in attorney's fees and $440.00 in costs. [ECF No. 35, p. 2].

Defendant Lafise Corp. ("Lafise") opposes Baca's fees and costs motion and Baca has

filed a reply. [ECF No. 61]. For the reasons stated below, the Undersigned: (1) **grants** the

parties' joint motion [ECF No. 54] to deem Baca's fees and costs motion timely filed; and

(2) **respectfully recommends** that the District Court **grant in part** Baca's motion for

attorney's fees and costs [ECF No. 35]. Specifically, the Undersigned recommends the

---

[1]     In paragraph seven of his motion, Baca states that he is requesting $7,375.00 in attorney's fees. [ECF No. 35, p. 2]. But the chart and fees ledger he attached shows that Baca is seeking only $7,125.00 in attorney's fees. [ECF Nos. 35, pp. 2-3; 35-1].  As it appears that Baca has made a mathematical error, the Undersigned has used the $7,125.00 figure, not the $7,375.00 figure.

District Court **award** Baca $4,631.25 in attorney's fees ($2,493.75 less than the $7,125.00 requested) and $440.00 in costs, for a total award of $5,071.25.

## I.     BACKGROUND

Baca and co-plaintiff Florida Elise Donaire Picado ("Picado") filed this action against Lafise and co-defendants Roberto Zamora and Maria Zamora (collectively "Defendants"). [ECF No. 1]. In count I, Picado **and** Baca alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.,* ("FLSA"). [*Id.* at pp. 2-5]. In count II, Baca alleged a negligence claim under Florida Statutes § 440.11(1)(a). [*Id.* at pp. 6-8].

On February 24, 2014, Baca accepted Lafise's offer of judgment as to his FLSA claim (count I) in the amount of $6,596.34, plus reasonable attorney's fees and costs to be determined by the Court. [ECF Nos. 24; 24-1]. Lafise's offer of judgment was limited to Baca's FLSA claim and did not include Baca's negligence claim (count II) or Picado's FLSA claim. [*Id.*]. On May 22, 2014, the District Court entered a judgment against Lafise and in favor of Baca for $6,596.34. [ECF No. 42]. In that judgment, the District Court reserved jurisdiction to determine Baca's reasonable attorney's fees and costs. [*Id.*].

Before the District Court entered its May 22, 2014 judgment, Baca filed the instant motion on May 19, 2014, seeking $7,565.00 in fees and costs. [ECF No. 35]. The District Court then referred the motion to me. [ECF No. 38]. Lafise opposes Baca's motion and Baca filed a reply. [ECF Nos. 53; 61].

After Lafise filed its response, the parties filed a joint motion for the court to accept Baca's fees and costs motion as timely filed, as Baca filed his motion before the District Court's May 22, 2014 judgment. [ECF No. 54].

On July 29, 2014, the District Court entered an order dismissing without prejudice Baca's negligence claim (count II) because it did not have jurisdiction over that cause of action after the resolution of Baca's FLSA claim (count I). [ECF No. 77]. As such, Baca must pursue his negligence claim in state court.

## II.     DISCUSSION -- ATTORNEY'S FEES

### A.  <u>Baca is Entitled to Attorney's Fees Under the FLSA</u>

A prevailing party is not ordinarily entitled to recover attorney's fees from its opponent. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). The FLSA, however, explicitly provides that the court "shall, in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Thus, fee awards are mandatory for prevailing plaintiffs in FLSA cases. *See Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases.").

Here, Baca is the prevailing party, as the District Court entered final judgment in his favor after he accepted Lafise's offer of judgment as to his FLSA claim. [ECF No. 42]. In particular, the District Court reserved jurisdiction to determine the amount of Baca's

reasonable fees and costs and instructed Baca's counsel to file a separate motion for attorney's fees and costs. [*Id.*]. Accordingly, the Undersigned finds that Baca is entitled to an award of reasonable attorney's fees and costs.

The Undersigned also finds that Baca's filing of his fees and costs motion [ECF No. 35] three days before the District Court entered its final judgment is of no consequence. This is because the parties have filed an agreed motion to deem Baca's fees and costs motion timely filed. [ECF No. 54]. Accordingly, the Undersigned **grants**[2] the agreed motion and Baca's fees and costs motion is deemed timely filed.

### B. <u>Amount of Attorney's Fees</u>

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "This amount is ordinarily referred to as the lodestar." *Thornton v. Wolpoff & Abramson, L.L.P.*, 312 F. App'x 161, 163-64 (11th Cir. 2008) (citations and internal quotations omitted). The resulting fee carries a presumption that it is reasonable. *Blum v. Stenson*, 465 U.S. 886 (1984). This lodestar amount may then be adjusted upward or downward based upon other

---

[2]     The Undersigned Magistrate Judge may enter an order, as opposed to a report and recommendations, on the parties' agreed motion to deem Baca's fees and costs motion timely filed. *See* Comments to Local Rule 7.3 ("The authority of Judges to regulate the mechanics of fee applications is clear."); *Luken v. Int'l Yacht Council Ltd.*, No. 02-60772-CIV, 2009 WL 1706534, at *15 n. 12 (S.D. Fla. June 11, 2009) (Former Magistrate Judge Rosenbaum [now Eleventh Circuit Judge] granted three extensions of time for a party to file its attorney's fees motion).

considerations. *Hensley*, 461 U.S. at 433-37. The plaintiff bears the burden of documenting the reasonableness of the hours expended and the hourly rate. *A.C.L.U. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999); *see also Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated in part by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989).

      1.  *Reasonable Hourly Rate*

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by attorneys with reasonably comparable skills, experience, and reputation. *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). In determining the prevailing market rate, the Undersigned should consider several factors, including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (referring to factors set out in *Johnson*, 488 F.2d at 717-18). The Undersigned may use his own experience in assessing the reasonableness of attorney's fees and may form an independent judgment either with or without witnesses. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994); *see also Crescenzo v. Healthcare Revenue Recovery Grp., LLC*, No. 11-60384-CIV, 2012 WL 291431, at *2 (S.D. Fla. Jan. 31, 2012).

Baca requests $350.00/hour for attorney J.H. Zidell, $250.00/hour for attorney Daniel Feld, and $200.00 hour for attorney Christopher Cochran. [ECF Nos. 35, pp. 2-3, 6-7; 35-1]. Lafise opposes the requested rate as excessive and cites to a 2006 case which awarded a different FLSA attorney $295.00/hour in an FLSA case. *See Schwartz v. High Q Seeds Corp.*, No. 05-60728-CIV, 2006 WL 1548385 (S.D. Fla. March 13, 2006).

The Undersigned rejects Lafise's contention that the hourly rates sought are overly excessive. To be sure, the rates sought are at the high end of reasonable. They are, however, not significantly out of line with rates *recently* approved in other FLSA cases in this district. *See, e.g., De Armas v. Miabraz, LLC*, No. 12-20063-CIV, 2013 WL 4455699, at *4 (S.D. Fla. Aug. 16, 2013) (awarding $350.00/hour to counsel for trial time); *Reppert v. Mint Leaf, Inc.*, No. 11–21551–CIV, ECF No. 114 (S.D. Fla. Jan. 31, 2013) (awarding $375.00/hour to lead attorney and $325.00/hour to senior associate in FLSA case); *Medrano v. Mi Colombia Bakery, Inc.*, No. 11-23916-CIV, 2013 WL 1748403, at *2 (S.D. Fla. Jan. 10, 2013) (awarding $375.00/hour).

Accordingly, after having considered and weighed all the evidence submitted and the relevant factors identified by *Norman* and *Johnson*, including awards in similar cases, the reputation and experience of Baca's attorneys, and the skill required to perform the work in this type of case, the Undersigned finds that the hourly rates sought by Baca's attorneys are reasonable.

2.   *Reasonable Hours Expended*

The Undersigned must next evaluate the reasonableness of the total hours expended by Baca's attorneys. The Undersigned should exclude from the fees award compensation for hours that are "excessive, redundant or otherwise unnecessary." *Norman,* 836 F.2d at 1301 (quoting *Hensley*, 461 U.S. at 434). The Undersigned may determine a reasonable award based on his own experience. *Id.* at 1303.

Here, as set out in his motion and attached time sheets, Baca seeks 13.8 hours for attorney Zidell, 3.90 hours for attorney Feld, and 6.60 hours for attorney Cochran. [ECF Nos. 35, pp. 2-3; 35-1]. Lafise argues that Baca's attorneys are not entitled to the full time they seek because their time entries include work relating to count II, which remains pending.  [ECF No. 53, ¶ 5].

In determining the reasonable hours expended, the Undersigned must exclude "time spent on discrete and unsuccessful claims." *Norman*, 836 F.2d at 1302.  Here, there is no "unsuccessful claim" yet, as Baca's negligence claim remains pending. But as the District Court found, Baca's FLSA and negligence claims are discrete, as each rests on distinct key facts that are not related. [ECF No. 77]. Moreover, Baca's attorneys' time sheets [ECF No. 35-1] do not distinguish the hours spent on the FLSA claim from the hours expended on the negligence claim. Indeed, the time sheets use the "block billing"

format,[3] making it difficult to determine which claim the attorney's work related to for the entry in question. There are also many entries that reflect "general purpose work" clearly performed in furtherance of the lawsuit as a *whole,* not just the FLSA claim.

In *Ojeda-Sanchez v. Bland Farms*, No. 6:08-cv-96, 2013 WL 5652032 (S.D. Ga. Oct. 16, 2013), the district court encountered a similar scenario. There, the court recognized that while it may have been difficult or even impractical at times for the plaintiff to separate out FLSA and non-FLSA claims in its billing records, the plaintiff's choice to block-bill meant that their request for fees inevitably included non-FLSA hours. *Id.* at *2. The Undersigned agrees that "because this form of general objection [to the requested fees amount] is difficult to itemize and deduct, the [Undersigned should perform] a downward loadstar calculation." *Id.* at *2; *see also Loranger*, 10 F.3d at 782 (finding that the district court correctly decided that it should disallow claims compensating for time expended independent of the relevant litigation, but remanding on other grounds).

Consequently, the Undersigned finds that Lafise's objection to Baca's inclusion of attorney time unrelated to his FLSA claim has merit. The Undersigned also finds that it is difficult to separate out the work on Baca's FLSA claim from legal work on his still pending negligence claim. As a result, the Undersigned recommends an across-the-board 35% reduction of the hours sought by Baca's attorneys. *See Ojeda-Sanchez*, 2013

---

[3]     Block billing is "[t]he practice of including multiple distinct tasks within the same time entry." *Bujanowski v. Kocontes*, No. 8:08-CV-0390-T-33EAJ, 2009 WL 1564263, at *2 (M.D. Fla. Feb. 2, 2009).

WL 5652032 at *2-3 (implementing an across-the-board 60% reduction of the lodestar amount in part because of failure to separate FLSA and non-FLSA claims in record of hours); *see also James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341, 1351-54 (S.D. Fla. 2007) (implementing a 50% reduction in the lodestar amount).[4]

       3.   *Lafise's Remaining Objections Are Not Persuasive*

Lafise makes several wholesale objections to Baca's request for attorney's fees. [ECF No. 53]. As will be explained, these objections are not well taken.

First, Lafise states that Baca's motion is "legally and factually insufficient." [*Id.* at ¶ 1]. Lafise, however, does not explain how or why that is the case. An independent review of the motion shows that it complies with Local Rule 7.3's requirements for fees motions.

Second, Lafise contends that the motion is not verified as required by Local Rule 7.3. [*Id.* at ¶ 2]. However, the motion **is** verified. [ECF No. 35, p. 10].

Third, Lafise asserts that Baca failed to disclose the terms of the applicable fee agreement between him and his attorneys, as required by Local Rule 7.3(a)(4). Baca, however, disclosed the terms of his fee agreement in his motion. [ECF No. 35, ¶ 16(6)].

Finally, Lafise alleges that Baca failed to provide a description of his attorneys' work and presented no evidence of their work. [ECF No. 53, ¶¶ 4-5]. That contention is

---

[4]    The Undersigned is not foreclosing Baca from recovering these fees. Baca may be able to seek these fees if he prevails on his negligence claim in state court and if he has legal authority to support a request for fees relating to the negligence theory.

without any basis, as Baca attached a copy of the time sheets detailing the work performed by his attorneys. [ECF No. 35-1].

### C. <u>Conclusion</u>

Based on the foregoing, the Undersigned respectfully recommends that the District Court award Baca $4,631.25 in attorney's fees, $2,493.75 less than the $7,125.00 requested. Baca may seek to recover this $2,493.75 in attorney's fees if he prevails on his negligence claim in state court and also finds a legal basis for a fees award.

## III.   DISCUSSION -- COSTS

Baca seeks $440.00 in costs composed of the following: $400.00 for the filing fee; and $40.00 for the service of process fee.  [ECF Nos. 8; 35, ¶ 6; 35-1, p. 1].

### A. <u>Applicable Legal Standard</u>

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provide otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." For purposes of Rule 54(d)(1), a "prevailing party" is a "party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Utility Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002) (internal citation omitted). In turn, 28 U.S.C. § 1920 sets out the specific costs that may be awarded and states, in relevant part: "[a] judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal . . . ."

When challenging whether costs are taxable, "the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009). Nevertheless, despite this burden, a court is limited to taxing only those costs specifically authorized by statute. *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).

**B.** **Analysis**

As noted above, Baca is the prevailing party and is therefore entitled to recover his costs. *Supra* Section II.A.  Lafise opposes Baca's request for costs on two grounds.

First, Lafise contends that Baca did not appropriately set out his costs in AO form 133. However, Local Rule 7.3(c) does not require that a request for costs be submitted on AO form 133. The Local Rule expressly permits parties to submit such request on forms substantially *similar to* AO form 133. Here, Baca has clearly set out the costs he seeks in his motion and the time and costs sheet attached to his motion. [ECF Nos. 8; 35, ¶ 6; 35-1, p. 1]. Indeed, Lafise does not argue that it cannot figure out the costs that Baca seeks. Accordingly, the Undersigned finds this argument unpersuasive.

Next, Lafise asserts that Baca should not be entitled to recover the entire costs he seeks because he has not prevailed on his negligence claim. In other words, Lafise asserts that Baca's costs, like his attorney's fees, should be allocated between his claims.

That argument is logically unpersuasive because Baca would have incurred the costs he seeks if he had filed only the FLSA claim on which he prevailed. *See, e.g., Harbaugh v. Greslin*, 365 F. Supp. 2d 1274, 1280, 1282-83 (S.D. Fla. 2005) (noting that plaintiff could only recover attorney's fees for the claim on which it prevailed, but not imposing the same limitation on costs); *James,* 242 F.R.D. at 648 (noting that plaintiff only prevailed on one count and awarding plaintiff service of process costs).

      1.   *Filing Fee*

Baca seeks to recover the $400.00 filing fee paid to the Clerk of the Court. Baca is entitled to reimbursement for the filing fee because such costs are taxable under § 1920. *See Magaldi v. Safeco Ins. Co. of Am.*, No. 07-80618-CIV, 2009 WL 1851102, at *4 (S.D. Fla. June 29, 2009). Accordingly, the Undersigned recommends Baca be awarded $400.00 for the filing fee.

      2.   *Service of Process*

Next, Baca seeks to recover $40.00 for the service of process on Lafise.  Service of process fees paid to private process servers are taxable so long as the amount does not exceed the amount charged by the U.S. Marshal Service. *W&O, Inc.*, 213 F.3d at 624. The U.S. Marshal's fee for service of process is "$65 per hour (or portion thereof) . . . plus travel costs and any other out-of-pocket expenses." 28 CFR § 0.114(a)(3). The instant fee of $40.00 does not exceed the U.S. Marshal's rate. Accordingly, the Undersigned recommends that Baca be awarded $40.00 for this cost.

3. *Conclusion*

Based on the foregoing, the Undersigned respectfully recommends that the District Court award Baca the $440.00 in costs he seeks.

## IV.   CONCLUSION

For the reasons stated above, the Undersigned **grants** the parties joint motion [ECF No. 54] to deem Baca's fees and costs motion timely filed. The Undersigned **respectfully recommends** that the District Court **grant in part** Baca's motion for attorney's fees and costs and award him $5,071.25 in fees and costs, $2,493.75  less than the $7,565.00 requested.

## V.   OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(b), the Parties have **14** days after being served with a copy of this Report and Recommendations to serve and file written objections, if any, with the District Court. Each Party may file a response to the other Party's objection within **14** days of the objection. Failure to file timely objections to the Report and Recommendations shall bar the Parties from a *de novo* determination by the District Court of an issue covered in this Report and Recommendations and bar the Parties from attacking on appeal the factual findings

contained herein. *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, September 11, 2014.

_____

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Jose E. Martinez
All Counsel of Record

14